IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

ANGELA DENISE NAILS,            )
                                )
     Plaintiff,                 )
                                )
     v.                         )   CIVIL ACTION NO.
                                )   1:07cv959-MHT
HOUSTON COUNTY CIRCUIT          )        (WO)
CLERK OFFICE,                   )
                                )
     Defendant.                 )

OPINION

The court now has before it the motion to proceed in forma pauperis filed by plaintiff Angela Denise Nails, who is a frequent litigant in the Middle District of Alabama.

It is well established that a two-step procedure should be followed in processing a complaint filed pursuant to 28 U.S.C. § 1915.  "First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under 28 U.S.C. § 1915(a)[(1)].  Upon a finding of economic

justification, the court should allow the complaint to be docketed without prepayment of fees."[1] Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. June 1981) (per curiam); see also Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985).[2]  Second, once leave has been granted, this provision allows the district court to dismiss the complaint prior to service of process if it determines the complaint "is frivolous or malicious," "fails to

---

    1.   Section 1915(a)(1) provides:

> "Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

    2.   In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and thus the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." Woodall, 648 F.2d at 271; see also Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). The motion filed by Nails satisfies the economic eligibility criteria of § 1915(a)(1). Accordingly, the complaint may be filed without prepayment of fees.

The court is, however, of the view that Nails's complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i)-(iii). It is apparent that she is requesting that this court review the actions of state courts. However, the state appellate courts, the Alabama Supreme Court, and ultimately the United States Supreme Court, not a federal district court, are the only bodies that can correct any error of law that may have been made by a state trial court. See District of Columbia Court

3

of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923).

Nails's complaint therefore should be dismissed before service on the defendant pursuant to § 1915(e)(2)(B)(i)-(iii).  See Neitzke v. Williams, 490 U.S. 319 (1989); Denton v. Hernandez, 504 U.S. 25 (1992); see also Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001).

An appropriate judgment will be entered.

DONE, this the 26th day of October, 2007.

       /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**